## SUPREME COURT.

ELIZABETH GARDNER agt. AMANDA RYERSON, adm'x, &c., and another.

Where in an action to recover the possession of personal property, by a married woman, the question of *ownership*, which was the principal issue on the trial, was submitted to the jury, by both parties, on very slight evidence,

*Held*, the cause having been summed up by counsel and fairly submitted, without exception, by the judge, that the court could not set aside the verdict, without invading the province of the jury—it being a question exclusively for the jury.

Also, *held*, that there could be no *surprise* upon the defendants, by the plaintiff's counsel referring to the *affidavit* of the plaintiff on which the action was commenced, to show and prove *ownership* of the property, where the defendants had previously introduced and read a portion of the affidavit on the trial to prove the *value* of the property. They could not read one part of the affidavit and exclude another.

*Kings Special Term, February,* 1860.

MOTION by defendants for a new trial.

An inquest was taken in the cause by the defendants before Mr. Justice STRONG, who held that the admission contained in the affidavit of the plaintiff (commencing the action) served with the other papers in the cause, was sufficient, and required no other proof of value, and assessed the value of the property at the amount stated in said affidavit. On the trial, subsequently, before Mr. Justice EMOTT, no proof was given or offered as to the value of the property. The jury were directed to assess it at the amount stated in the affidavit, which they did. The plaintiff's counsel referred, in summing up, to this affidavit, to show that the plaintiff was the owner of the property. This reference to the affidavit to prove ownership of the property in the plaintiff, was claimed by defendants as a surprise upon them. The other facts will sufficiently appear in the opinion of the court.

ABM. LOTT AND WM. Z. LARNED, *for motion.*

WARING AND SIDELL, *opposed.*

Gardner agt. Ryerson.

BROWN, Justice. This action was brought to recover the possession of certain personal property claimed by the plaintiff, who is a married woman and wife of William Gardner, as the owner thereof, against Jerome Ryerson, late sheriff of the county of Kings. He died pending the action, and it has been continued against the defendants, his personal representatives. The sheriff justified the taking under an execution issued upon a judgment recovered in the superior court of the city of New York, in favor of Henry E. Insley against William Gardner, the husband of the plaintiff. The cause was tried at the October circuit, 1859, for the county of Kings, and a verdict rendered in favor of the plaintiff.

The only question in controversy beyond the value of the property, was the title of the plaintiff, which was alleged to be colorable and fraudulent as against the creditors of the husband. The proof showed that the goods were taken by the sheriff from the possession of the plaintiff, in Williamsburgh, with this qualification : that the plaintiff and her husband lived together in the house in Williamsburgh, from whence the goods were taken ; he at the same time doing business in New York. The evidence of the right of property was slight on both sides. There was, however, some proof in favor of the plaintiff's right to the property, while, on the part of the defendants, there was little or no proof of property in the husband, William Gardner, except the legal inference that the property of the wife, or in her possession, in the absence of proof to the contrary, is to be deemed the property of the husband. The question at issue was one, however, exclusively for the jury to decide. Both sides submitted the case to them upon slight evidence. There was evidence however. The question was fully summed up by the counsel and fairly submitted, without exception, by the court. I do not think, under the circumstances, that I could set aside the verdict without invading the province of the jury.

· It was urged upon the motion for the new trial, that the defendants were surprised by the contents of the affidavit made by the plaintiff to commence the action, and the use made of it by the plaintiff's counsel. ·This affidavit was read to the jury by the defendants to show the value of the goods taken, and the plaintiff's counsel referred, in summing up, to some of its expressions to show that the plaintiff was the owner of the property described in it. The defendants could not read one part of it and exclude another. By introducing it in evidence, they put it in the power of the plaintiff to read it all, because it must all be taken together, being the declaration under oath of the plaintiff. Nor can the defendants say it was a surprise upon them. They surely cannot be allowed to urge·their own acts in the introduction of evidence, as a ground of surprise upon a motion for a new trial.

Upon the whole, I am brought to the conclusion that the motion for a new trial must be denied, with costs of the motion to the plaintiff.